IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICHARD DEAN MEARS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACROW CORPORATION, )<br>HEATHER DEL PLATO, )<br>MARK JOOSTEN, and AMERISEARCH )<br>BACKGROUND ALLIANCE, )<br>)<br>Defendants. ) | 1:20CV1106 |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Richard Dean Mears' application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docket Entry 1.) Plaintiff has also filed a copy of his Complaint. (Complaint, Docket Entry 2.) For the following reasons, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that Plaintiff's Complaint be dismissed as frivolous.

In his Complaint, Plaintiff alleges that Defendant Acrow Corporation (and its officers, Defendants Del Plato and Joosten) wrongfully denied him employment based on information contained in a criminal history background check conducted by Defendant Amerisearch Background Alliance ("Amerisearch") after he had been offered a position. (*See generally* Compl.) Specifically, Plaintiff contends that the report produced by Defendant Amerisearch violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, because it included

information about Plaintiff's convictions that date back to 2005. (Compl. at 7.)[1] Plaintiff argues that the inclusion of information concerning these convictions in his background check was unlawful because it "violates the seven (7) year provision of the FCRA." (*Id*)

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court

---

[1] All citations in this Order and Recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear in CM/ECF.

accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

Plaintiff's claim appears to be based on a misunderstanding of the FCRA's seven-year rule. A consumer reporting agency, such as Defendant Amerisearch, is prohibited from making a consumer report containing "[a]ny other adverse item of information, *other than records of convictions of crimes* which antedates the report by more than seven years." 15 U.S.C. § 1681c(a)(5)[2] (emphasis added). The report produced by Defendant Amerisearch provides information concerning Plaintiff's 2005 *convictions*.[3] (*See* Ex. C, Docket Entry 2-3.) Therefore, Defendant Amerisearch was permitted to include this information in Plaintiff's background

---

[2] A prior version of § 1681c of the FCRA did include a provision barring the disclosure of convictions from more than seven years ago, but the Consumer Reporting Clarification Act of 1998 eliminated that provision. *See* Pub. L. No. 105-347, § 5 (1998).

[3] The Amerisearch report for Plaintiff includes a copy of the judgment entered against him by this Court, which shows that he was found guilty of twelve counts of mail fraud, wire fraud, and transporting securities and money in interstate commerce and was sentenced to 114 months imprisonment. (Ex. C, Docket Entry 2-3 at 4-5.)

3

report, despite the age of the convictions. *See Bugoni v. Employment Background Investigations, Inc.*, No. CV SAG-20-1133, 2020 WL 5994958, at *4 (D. Md. Oct. 9, 2020); *Hope v. Dep't of Health & Human Servs.*, No. 3:20-CV-68-RJC-DSC, 2020 WL 2527032, at *5 (W.D.N.C. May 18, 2020) ("[I]nformation about Plaintiff's conviction is not subject to the seven-year limit."); *see also Moran v. Screening Pros, LLC,* 943 F.3d 1175, 1185 (9th Cir. 2019) (noting that pursuant to § 1681c(a), "convictions may be reported indefinitely"). Therefore, the undersigned will recommend dismissing Plaintiff's action as frivolous.

Accordingly, **IT IS HEREBY ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order.

**IT IS RECOMMENDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ /s/ Joe L. Webster
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Joe L. Webster
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ United States Magistrate Judge

January 28, 2021
Durham, North Carolina